IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE ELDRIDGE,                        :
                                        :
        Petitioner,                     :
                                        :
vs.                                     :    CIVIL ACTION 14-0282-KD-M
                                        :
CHRISTOPHER GORDY,                      :
                                        :
        Respondent.                     :


## REPORT AND RECOMMENDATION


Petitioner, an Alabama prison inmate proceeding pro se, filed
a petition under 28 U.S.C. § 2254 together with a Motion for Leave
to Proceed Without Prepayment of Fees (Docs. 1, 2).  This action, which
has been referred to the undersigned pursuant to 28 U.S.C. §
636(b)(1)(B), Local Rule 72.2(c)(4), and is before the Court for
Petitioner's failure to prosecute and to obey the Court's Order.

By Order dated June 9, 2014, this action was transferred from
the Middle District of Alabama and filed in the Southern District
of Alabama on June 18, 2014 (Doc. 6).  On June 30, 2014, the Court
ordered Petitioner to complete and file this Court's forms for a
petition under 28 U.S.C. § 2254 and for a motion to proceed without
prepayment of fees by December 16, 2013 (Doc. 7).  Petitioner was
warned that his failure to comply with the Order within the prescribed
time would result in the dismissal of his action for failure to
prosecute and to obey the Court's Order.  The Order was mailed to

Petitioner at P. O. Box 767, Clayton, Alabama 36016, his last known address.  To date, Petitioner has not responded to the Court's Order by filing this Court's forms for a petition under 28 U.S.C. § 2254 and for a motion to proceed without prepayment of fees, nor has his copy of the Court's Order dated June 30, 2014, been returned to the Court as undeliverable.  The Court finds that Petitioner has abandoned prosecution of this action.

Due to Petitioner's failure to comply with the Court's Order, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536,

1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 14th day of August, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE